## MARQUETTE, HOUGHTON, AND ONTONAGON RAILROAD COMPANY *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MICHIGAN.

Argued December 6, 1887. — Decided December 19, 1887.

Construing the clause in the internal revenue act of July 14, 1870, which imposed a tax for the year 1871 of 2½ per cent on all undivided profits of corporations accrued and earned and added to a surplus, contingent, or other fund, in connection with the previous internal revenue statutes, it is plain that it was the intention of Congress not to subject to that tax profits of a railroad corporation during that year, which were not divided, but were used for construction.

ACTION at law to recover an unpaid internal revenue tax. Judgment for plaintiff. Defendant sued out this writ of error. The case is stated in the opinion of the court.

*Mr. W. P. Healy* for plaintiff in error.

*Mr. Solicitor General* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The single question in this case is, whether a railroad company is liable, under the act of July 14, 1870, c. 255, § 15, 16 Stat. 260, for a tax of two and one-half per centum on its profits for 1871, not divided, but used for construction during that year.

The section referred to, so far as material, is as follows:

" That there shall be levied and collected for and during the year eighteen hundred and seventy-one a tax of two and one-half per centum . . . on all undivided profits of any such corporation which have accrued and been earned and added to any surplus, contingent, or other fund."

The railroad company of which the Marquette, Houghton and Ontonagon Company is the successor, and for whose debts it is liable, earned, in 1871, $102,738.30, as profits, which were

not divided, but were used during the year in the construction of new works, and in creating new facilities for business. This amount was never in fact placed to the account of any particular fund, but it was taken from the money in the treasury to pay for the new structures and additions as they were made.

The act of 1870 was entitled, "An act to reduce internal taxes, and for other purposes." It is proper, therefore, to construe this particular provision in connection with the provisions of like character in the statutes imposing internal taxes which preceded that of 1870.

By the act of July 1, 1862, c. 119, 12 Stat. 432, which was the first of the series of internal revenue statutes, with which that of 1870 was directly connected, railroad companies were required to pay a tax of three per centum on all payments of interest on their bonded debt; and on all dividends declared due or payable to stockholders "as part of the earnings, profits, or gains of said companies." § 81, p. 469. And by § 82, p. 470, of the same act, banks, trust companies, savings institutions, and insurance companies were required to pay the same tax on all dividends "declared, due, or paid to stockholders, to policy holders, or to depositors, as part of the earnings, profits, or gains of said . . . companies, and on all sums added to their surplus or contingent funds."

Following this was the act of June 30, 1864, c. 173, 13 Stat. 223, which provided (§ 120, p. 283) for a tax of five per centum on the dividends of banks, trust companies, savings institutions, and insurance companies as in the act of 1862, and "on all undistributed sums, or sums made or added during the year to their surplus or contingent funds." As to railroad companies, it was provided (§ 122, p. 284) that they should pay the same tax on the amount of the interest on their bonded debt, on dividends to stockholders "as part of the earnings, profits, income, or gains of such company, and on all profits of such company carried to the account of any fund, *or used for construction.*" Sections 120 and 122 were amended in some respects by the act of July 13, 1866, (c. 184, 14 Stat. 98, 138,) but these particular provisions were retained in substantially the same language.

That the tax here levied was not necessarily a tax on all the profits of these companies, but only on such as were used or disposed of in the ways specified, is shown by § 121 of the act of 1864, (13 Stat. 284,) which provided that if any bank legally authorized to issue notes as circulation neglected to "make dividends or additions to its surplus or contingent fund as often as once in six months" the tax should be on "the amount of profits which have accrued or been earned or received by said bank during the six months next preceding the first days of January and July." And that profits "used for construction" were not looked upon as profits "carried to the account of any fund," or "added to any surplus or contingent or other fund," is evident from the fact that it was thought necessary when the taxes were increased in 1864 to make special mention of them as something more than had been already provided for, that is to say, in "profits carried to the account of any fund." When, therefore, profits "used for construction" were left out in the act of 1870, it is evident to our minds that Congress intended to reduce the tax on railroad corporations to that extent. The question is not what would have been the meaning of "profits carried to the account of any fund," or "added to any surplus, contingent, or other fund," if this special provision in respect to profits "used for construction" had never been made, but what the meaning is with that provision left off after it had once been added. This is to be ascertained not by inquiry into the manner of keeping railroad accounts, but by interpreting the language used by Congress at different times to give expression to its will; not by determining whether as matter of book-keeping it is usual to carry undivided profits used for construction to a construction fund, but by studying the several statutes to see if it was intended that, if so used, they should be taxed under the act of 1870. In our opinion it was not, and consequently the current earnings of the company for the year 1871, used as earned in new construction, were not taxable as profits of that year.

*The judgment of the Circuit Court is reversed, and the cause remanded with instructions to enter a judgment in favor of the railroad company on the facts found.*